## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

|  |  |
|---|---|
| **HIEU HIEN VO,** | |
| **Plaintiff-Petitioner,** | |
| **v.** | **Civil Action No.  AW-05-1165** |
| **RICHARD CATERISANO, DISTRICT DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, BALTIMORE,** | |
| **Defendant-Respondent.** | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Hieu Hien Vo ("Plaintiff" or "Vo") filed this "Petition for Decision *De Novo* Regarding Naturalization" ("Petition") claiming that the United States Citizenship and Immigration Services ("USCIS")[1] has failed to "fully and properly" adjudicate his application despite him being eligible for naturalization and the passing of 120 days since he was examined for naturalization.  Currently before the Court is Defendant's Motion to Dismiss or Motion for Summary Judgment [4].  The Court has reviewed the pleadings and applicable law and has determined that a hearing is unnecessary.  See Local Rule 105(6) (D. Md. 2004).  For the following reasons, Defendant's Motion for Summary Judgment is granted.

## FACTUAL & PROCEDURAL BACKGROUND

On December 20, 1989, Vo, a native of Vietnam, entered the United States as a lawful permanent resident.  On December 13, 1995, Vo applied for naturalization, and averred, under penalty of perjury,

---

[1] On March 1, 2003, service and benefit functions of the United States Immigration and Naturalization Service ("INS") were transferred into the Department of Homeland Security as USCIS.

that he had no arrests nor convictions.  At a later interview in March of 1996, Vo again reaffirmed that answer.

Despite his affirmations, Vo had been arrested twice prior to taking the oath, and convicted once. The second charge was still pending.  Specifically, in 1993, Vo was arrested and charged with being a rogue and vagabond, pled guilty, and was sentenced to one day in jail and probation.  The probation terminated in December 1994, and a request for reconsideration was formally denied in January 1995. The second arrest occurred five days later after he signed the application, and before he submitted it.

On July 25, 1994, Vo was cited for misrepresenting his age as a minor.  On September 23, 1994, Vo was found guilty and fined.

On December 18, 1995, Vo was charged in Maryland with auto theft.  On November 4, 1996, Vo was sentenced by the Circuit Court of Maryland for Montgomery County to two years incarceration and one year supervised release.  In February 2003, while removal proceedings (because of his auto theft conviction) were pending, Vo filed a "Petition for Appropriate Relief" with the Circuit Court.  In response to the petition, Vo's sentence for auto theft was vacated and a nunc pro tunc sentence of 364 days was entered in its place, and his removal proceedings were terminated.

On July 25, 2001, United States District Court for the District of Maryland (Deborah Chasanow, J. presiding) found that because Vo made "false statements [about his criminal history] during the application process with the intent to obtain [immigration] benefits demonstrates a lack of good moral character." According, the district court entered a permanent injunction barring Vo from claiming any right, privilege, or advantage of citizenship based upon his June 8, 1996 naturalization.

In August of 2001, Vo was charged with Attempt by Driver to Elude Uniformed Police.  On

February 22, 2002, Vo was found guilty of this offense and ordered to pay a fine of $200.00.  On March 9, 2003, Vo was arrested in Silver Spring, Maryland, and charged with Second Degree Assault.

On May 14, 2004, Vo filed an application for naturalization with USCIS.  Vo was interviewed concerning his November 10, 2004 application.  On December 10, 2003, Vo submitted additional records concerning his criminal history.

On April 28, 2005, Vo filed his Petition in this Court.

On June 9, 2005, USCIS issues its decision denying Vo's application for naturalization.  Based on Vo's convicted crimes in 1993, 1994, 1996, and 2002, the agency determined that Vo demonstrated a "history of consistent disregard for the law."  Removal proceedings have commenced.

On June 27, 2005, Defendant filed a Motion to Dismiss or Motion for Summary Judgment.  No opposition has been filed.  This motion is ripe, and an opinion is now issued.

## STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists.  Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).  The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Id.  When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Id.

Here, Defendant has filed a Motion to Dismiss or Motion for Summary Judgment.  Because Defendant seeks to dismiss this action for lack of subject matter jurisdiction, and has submitted documents to support its claim, this Court will treat this motion as a motion to dismiss pursuant to Rule 12(b)(1).

## DISCUSSION

This case involves Vo's efforts to obtain a determination of his application for naturalization. Curiously, Plaintiff's petition bases his claim of subject matter jurisdiction in this Court on the Administrative Procedures Ac ("APA")t, 5 U.S.C. § 703, federal question jurisdiction statute, 28 U.S.C. § 1331, and an immigration regulation, 8 C.F.R. § 310.5(a),[2] it is clear that the proper statute is 8 U.S.C. § 1447(b).

Under § 1447(b), a naturalization applicant who has not received a determination on his application within 120 days of his examination for naturalization is authorized to file a request in the district court for a hearing.  See 8 U.S.C. § 1447(b) (stating that a district court "has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter").

The instant action is analogous to the Fourth Circuit's decision in Kia v. U.S. INS, 175 F.3d 1014 (4th Cir. 1999) (unpublished).  In Kia, a plaintiff was interviewed by INS regarding his application for naturalization, and more than 120 days later, he filed a complaint in the district court for declaratory judgment of his naturalization pursuant to § 1447(b).  While the complaint was pending, the INS denied

---

[2] Plaintiff's suggestion that the APA conferred jurisdiction at the time he filed his petition must be rejected because there has been no "final agency action."  5 U.S.C. §§ 701(a)(1), 704.  Because USCIS has made a decision denying his application, review under the APA is precluded because until Plaintiff has "a hearing before an immigration officer under section 336(a)," USCIS's decision is not reviewable by statute.  5 U.S.C. § 704.  Nor can section 606(1) apply because agency action already has occurred.  It is also well-established that general federal question jurisdiction cannot be conferred under 28 U.S.C. § 1331 where a specific jurisdictional statute applies.  See generally Califano v. Sanders, 430 U.S. 99, 105 (1977) (noting that general federal question jurisdiction under 28 U.S.C. § 1331 is subject to "preclusion-of-review statutes created or retained by Congress").

Kia's naturalization application based upon his inability to satisfy the English literacy requirements. The INS subsequently moved to dismiss Kia's complaint as moot, and the district court granted the motion to dismiss his complaint for lack of subject matter jurisdiction. On Appeal, the Fourth Circuit affirmed the district court, holding that "the plain language of § 1447 suggests the district court requires an unreviewed application in order to make a determination, and that the INS' denial of naturalization shortly after Kia filed suit mooted the case and deprived the court of jurisdiction." Id. *1.

Similarly, in the instant action, Vo filed an application for naturalization with USCIS on May 14, 2004, and Vo was subsequently interviewed concerning his November 10, 2004 application. Vo then filed this action to obtain a determination of his application for naturalization. While Vo's petition was pending, the USCIS issued its decision denying Vo's application for naturalization. Therefore, pursuant to the plain language of § 1447, the USCIS's action moots Vo's claim for the relief he originally requested. Accordingly, as Vo's petition is now moot because USCIS denied his application for naturalization, this Court is therefore deprived of subject matter jurisdiction.

**CONCLUSION**

For the aforementioned reasons, Defendant's Motion to Dismiss is GRANTED.  An appropriate order shall follow.


<u>August 3, 2005</u>                                              <u>            /s/            </u>
Date                                                             Alexander Williams, Jr.
                                                                 United States District Judge